UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

                                    CASE NO.:    04-86487-ast
JOHN RAYMOND HERBERT, SR.,         CHAPTER   13

                         DEBTOR.
-------------------------------------------------------X

**APPEARANCES:**

    Ronald D. Weiss, Esq.
    734 Walt Whitman Road
    Suite 203
    Melville, NY 11747

    John Raymond Herbert, Sr.
    P O Box 1060
    Huntington, NY 11743

    Marianne Derosa
    Standing Chapter 13 Trustee
    100 Jericho Quadrangle
    Suite 208
    Jericho, NY 11753


## <u>MEMORANDUM OPINION ON REQUEST FOR ATTORNEYS FEES</u>

### <u>Issues Before the Court and Summary of Ruling</u>


       Pending before the Court is the request for the allowance of legal fees of the

Debtor's former attorney, Ronald D. Weiss, Esq. ("Counsel"), and Debtor's request that

Counsel's fees be reduced to a portion of the fees charged.  For the reasons herein, this

Court approves Counsel's request for the allowance of fees in the amount paid and

denies Debtor's request for reduction and/or disgorgement of any fees paid.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Procedural History

On October 12, 2004, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date"). [dkt item 1]  Counsel filed the petition on Debtor's behalf.  Along with the petition, Debtor filed, *inter alia*, his Schedules and Statement of Financial Affairs ("SOFA").  In addition, Counsel filed his Chapter 13 Retainer Agreement and Disclosure of Compensation of Attorney for Debtor, which disclosed a fee agreement as follows: $1,500.00 as an initial legal fee, plus the $194.00 filing fee then in effect, plus an additional $1,500.00 to be paid to Counsel by the Chapter 13 Trustee from Debtor's pre-confirmation and/or post-confirmation payments. [dkt item 1]  Also along with his Petition, Debtor filed a Chapter 13 Plan (the "Plan").

A meeting of creditors under Section 341(a) of the Bankruptcy Code was scheduled for and subsequently held on November 9, 2004, at 9:00 a.m.  Also on November 9, 2004, Objections to Debtor's Plan were filed. [dkt item 10]  On November 19, 2004, the Chapter 13 Trustee filed a Motion to Dismiss Debtor's case. [dkt item 11]  On February 11, 2005, Debtor filed an Amended Chapter 13 Plan. [dkt item 12]  On March 3, 2005, Debtor entered into a stipulation with the Internal Revenue Service to resolve certain claims of the IRS. [dkt item 13]

On March 11, 2005, Debtor, through Counsel, filed an objection to the proof of

claim filed by American General Finance, Inc. ("AGF"), the holder of a mortgage against

the Debtor's principal residence (the "AGF Claim Objection"). [dkt item 14, 15]  In an

affidavit signed by Debtor in support of the Claim Objection, Debtor stated as follows:

> I am filing this affidavit in support of my motion objecting to the secured proof of claim filed by American General Finance Inc., ("AGF"), dated November 19, 2004, for the payoff amount of $25,188.80 and for the reinstatement amount of $6,703.10. I seek to expunge such claim, which has been designated by the clerk's office as claim #2 in this case (the "AGF Claim"), and to avoid the mortgage lien supported by such claim.

[dkt item 15] Debtor also alleged, *inter alia*, that the "AGF Claim is based on a home

improvement loan, dated approximately September 13, 1999, with Island Home Design,

Inc., ("IHDI")."

On March 31, 2005, AGF filed its opposition to the AGF Claim Objection. [dkt

item 16]  AGF alleged, *inter alia*, that at the time this bankruptcy was filed, Debtor had

been involved in a state court mortgage foreclosure action with AGF.  That action was

alleged to have commenced in November 2003 and continued to the Petition Date.  The

issues regarding Debtor, AGF and IHDI had been the subject of motion practice and a

discovery schedule before the state court.

On April 14, 2005, Debtor filed a Second Amended Chapter 13 Plan. [dkt item

17]  On December 2, 2005, the Chapter 13 Trustee filed a Second Motion to Dismiss

Debtor's case. [dkt item 21]  On February 7, 2006, Debtor filed a Third Amended

Chapter 13 Plan. [dkt item 22]  On February 14, 2006,An Objection to Debtor's Third

Amended Plan was filed by a judgment creditor. [dkt item 23]

On April 6, 2006, Debtor, still acting through Counsel, filed a Fourth Amended

Chapter 13 Plan. [dkt item 25]  On April 12, 2006, this Court entered an Order

confirming Debtor's Fourth Amended Plan. [dkt item 26]  Incident to confirmation of this

Plan, the Court approved a $1500.00 increase of Counsel's legal fees, for a total fee of

$4500.00. [dkt item 25]  Debtor's Plan, as confirmed by the Court, expressly provided

for an increase of the post-petition distribution to be made to Counsel through plan

payments of $3,000.00.

On May 23, 2006, this Court entered a lengthy Decision and a separate Order

denying the portion of the AGF Claim Objection which sought to expunge the AGF

Claim, and denying, without prejudice, that portion of the AGF Claim Objection which

sought to avoid the mortgage lien of AGF.  The Court further granted the Debtor leave

to commence an adversary proceeding against AGF with respect to certain issues

raised by Debtor in the AGF Claim Objection. [dkt items 27, 28]

This case proceeded and the parties acted in accordance with Debtor's

confirmed Plan for over two (2) years.  Then, on October 8, 2008, the Chapter 13

Trustee filed a Motion to Dismiss Case for Failure to Make Plan Payments (the

"Dismissal Motion").  [dkt item 43]  A hearing thereon was scheduled for October 23,

2008.  On October 20, 2008, the Debtor, through Counsel, filed an opposition to the

Dismissal Motion.  [dkt item 44]  Subsequently, the Dismissal Motion was withdrawn on

December 4, 2008.

From the Petition Date through the end of 2008, all of Debtor's pleadings were

filed by or through Counsel.  However, on February 3, 2009, the Debtor, without the

assistance or signature of Counsel, filed an Objection to the payments being made by

the Chapter 13 Trustee to AGF (the "AGF Payment Motion"). [dkt item 45]  Debtor

alleged that the payments should not be made to AGF, and asserted, *inter alia*, that

AGF should not be paid because it did not hold a valid lien against the Debtor's residence.  A hearing thereon was scheduled for March 10, 2009.

On February 11, 2009, the Chapter 13 Trustee filed an Affirmation in Opposition to the AGF Payment Motion (the "Opposition"). [dkt item 46]

On March 4, 2009, the Debtor, again without the assistance or signature of Counsel, filed a Supplemental Affirmation and Motion to Cease Illegal payments to American General Finance and Return the Funds to Debtor Account. [dkt item 48] Therein, Debtor supplemented the AGF Payment Motion by alleging, *inter alia*, that the claim filed by AGF was illegal and further attacked the validity of the AGF lien and claim.

On March 10, 2009, the hearing on the AGF Payment Motion was called. Counsel did not appear at the hearing, but the Debtor did.  On the record, the Debtor expressed his frustration with his Counsel for not addressing the issues raised by the AGF Payment Motion and expressed a failure of Counsel to communicate with him regarding same.  The Court adjourned the hearing to May 5, 2009, at 9:30 a.m. for an evidentiary hearing.

At the time of the March 10, 2009, hearing this Court had not entered an order relieving Counsel of his obligation to represent Debtor.  In fact, such relief had not been requested.  Accordingly, on March 17, 2009, this Court issued an Order to Show Cause, directing Counsel to appear on May 5, 2009 at 9:30 a.m., and to show cause why he should not be sanctioned in accordance with E.D.N.Y. LBR 2090 ("Show Cause Order"). [dkt item 50]  In its Show Cause Order, this Court specifically noted that E.D.N.Y. LBR 2090-2, *inter alia*, requires that the attorney of record for a debtor:

[S]hall appear on behalf of the debtor in every aspect of the case, including, but

not limited to . . . defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the case.

Also in its Show Cause Order, this Court specifically noted that E.D.N.Y. LBR 2090-2(e) provides, *inter alia*, that:

> [A]n attorney of record who fails or refuses without reasonable excuse to represent the debtor in defending an adversary proceeding, contested matter, motion or application filed against the debtor. . . may, after notice and a hearing, be sanctioned pursuant to this rule and may be ordered to disgorge fees paid in connection with the case pursuant to Bankruptcy Rule 2017.

On March 23, 2009, Counsel filed an opposition to the Show Cause Order. [dkt item 51]  On April 17, 2009, Counsel filed a Motion to Withdraw as Attorney for Debtor, citing a disagreement with Debtor that "marred" an otherwise good relationship (the "Withdrawal Motion"). [dkt item 54]  Various additional pleadings were filed in relation to the AGF Payment Motion, the Show Cause Order, and the Withdrawal Motion. [dkt items 48, 49, 52, 53, 56, 59, 60, 61]

At the hearings of May 5, 2009, this Court granted Counsel's request to withdraw and directed Counsel to file a fee statement as to services rendered to, and payments received from, the Debtor by May 15, 2009.  Debtor was directed to file any further responsive papers by May 19, 2009.  This Court, incident to allowing Counsel to withdraw, also directed Counsel to file and serve a letter notifying Debtor of all pending deadlines in effect in this case.  Also at the hearings of May 5, 2009, this Court denied the AGF Payment Motion.

On May 15, 2009, Counsel filed his Fee Statement [dkt items 63, 65] and his letter advising Debtor of the deadlines in effect in this case. [dkt item 66]  Debtor filed a response to Counsel's Fee Statement on May 27, 2009 [dkt item 67], along with his

explanation as to why the response was late.  This Court has excused the tardiness and has considered Debtor's late response.

In his Fee Statement, Counsel states he has expended 58.25 hours of time representing Debtor, incurring $13,574.75 of legal fees.  Counsel further states, in effect, that he is only seeking allowance of the $4,500.00[1] he has received in this case. [dkt item 65]

Debtor asserts that he has paid Counsel substantially more money, in excess of $15,000.00.  [dkt item 67]  Debtor asserts that he and Counsel had disagreements regarding the strategy to be used against AGF.  Debtor, however, acknowledged that he has had separate counsel in the state court litigation against AGF both prior and subsequent to the Petition Date.  Debtor, citing E.D.N.Y. LBR 2090-2, appears to ask this Court to determine a reasonable fee for Counsel. [dkt item 67]

## Legal Analysis

In a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case. See 11 U.S.C. § 330(a)(4)(B).  Compensation is based upon a consideration of the benefit and necessity of such services to the debtor.  The standard for determining compensation of a Chapter 13 debtor's counsel is, therefore, different than the standard utilized in Chapter 11 cases, as the services of the Chapter 13 counsel need not benefit the estate generally, so long as the services benefit the debtor. *See* 11 U.S.C. § 330(a)(3).

---

[1]  Counsel has voluntarily waived any compensation above $4,500.00; therefore this opinion will only analyze Counsel's services in light of this self-imposed fee cap.

Bankruptcy Code § 330(a)(4)(B) provides as follows:

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). The "other factors" referenced in Section § 330(a)(4)(B) are set forth in Section 330(a)(3), which provides:

In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *see also In re Anderson*, 362 B.R. 575 (Bankr. E.D.N.Y. 2007) (addressing chapter 13 attorneys fees under the Bankruptcy Code and other federal statutes).

Counsel bears the burden of proof to demonstrate entitlement to the requested fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bolton*, 43 B.R.598, 600 (Bankr. E.D.N.Y 1984). This Court has an obligation to examine the propriety of

attorney's fees, regardless of whether an objection is raised. *In re Thorn*, 192 B.R. 52, 55 (Bankr. N.D.N.Y.1995).  In *Thorn*, former Northern District of New York Bankruptcy Court Chief Judge Gerling noted that "when the issues are not complex and the process is straightforward, an attorney is expected to exercise "billing judgment" [citation omitted], and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *Id.* at 56 (*citing Hensley*, 461 U.S. at 437); *see also In re Hirsch*, No. 1-02-17966, 2008 WL 5234057, *5 (Bankr. E.D.N.Y. 2008).

Bankruptcy Rule 2017(b) provides that, after notice and hearing, the court may:

> determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

FED. R. BANKR. P. 2017(b).  Bankruptcy Rule 2017 expressly authorizes the Court to analyze and determine whether any payment made to a debtor's attorney is reasonable or excessive, whether such agreement is made before the order for relief (Rule 2017(a)), or after the order for relief (Rule 2017(b)),[2] so long as such services are "in any way related to the case." FED. R. BANKR. P. 2017.

Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the standards set forth in Section 330 of the Code:

---

[2] Bankruptcy Rule 2017(b) provides that, after notice and hearing, the court may:

> determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case. FED. R. BANKR. P. 2017(b).

> Application for Compensation or Reimbursement. An entity
> seeking interim of final compensation for services, or
> reimbursement of necessary expenses, from the estate shall file
> with the court an application setting forth a detailed statement
> of (1) the services rendered, the time expended and expenses
> incurred, and (2) the amounts requested.

FED. R. BANKR. P. 2016(a). To satisfy this burden, a claimant must justify its charges

with detailed, specific, itemized documentation. *In re Bennett Funding Group Inc.*, 213

B.R. 234, 244 (Bankr. N.D.N.Y. 1997); *In re Poseiden Pools of America, Inc.,* 180

B.R.718, 729 (Bankr. E.D.N.Y. 1995), *aff'd*, 216 BR. 98, 100 (E.D.N.Y. 1997).  Billing

records must clearly identify each billed discrete task, indicate the date the task was

performed, the precise amount of time spent, not to be billed in increments greater than

one-tenth of an hour, who performed the task, their level of experience, and that

person's hourly rate. *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D.Vt. 2006).

Moreover, the records must be detailed enough to enable a court to determine whether

the attorneys are claiming compensation for hours that are "redundant, excessive, or

otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Debtor objects that Counsel has a number of billing entries logged as "various dates."

However, even if this Court disallowed every entry logged as "various dates," Counsel still

would have expended substantially more time than his requested allowance for a fee of

$4,500.00 would reflect at the rates he has charged.  Counsel's billable rates are discussed

below.

Further, this Court rejects Debtor's contention that Counsel was supposed to file an

adversary proceeding against AGF and/or represent him in the state court litigation.

The Retainer Agreement specifically excludes any post-confirmation services for the

agreed fee (initially $3,000.00); if Counsel were to provide any additional services, such

as filing or defending an adversary proceeding, Debtor agreed he would incur additional fees. [dkt item 1]  Although E.D.N.Y. LBR 2090-2(a) does allow Counsel to exclude the defense of adversary proceedings if the pre-petition retainer agreement with the debtor so provides and the appropriate procedures under LBR 2090-2(b) are followed, this Rule does not require Counsel to initiate an adversary proceeding.

Finally, the Court rejects Debtor's contention that he paid Counsel more than $15,000.00 in fees.  Upon a review of the record, Debtor appears to be confusing Counsel's charges incurred  in connection with this case with charges incurred  for services undertaken by Counsel for Debtor in connection with Debtor's ex-wife's bankruptcy case.  Counsel separately billed Debtor for work associated with Debtor's ex-wife's bankruptcy case, wherein Debtor was a creditor.  The Court will not consider those charges, because they are for work outside of this bankruptcy case, and Section 330 of the Code and Bankruptcy Rule 2017 do not contemplate the consideration of those fees incurred "for representing the interests of the debtor in connection with the bankruptcy case[.]"  In this case, the Debtor has only paid Counsel $4,500.00, and that is the legal fee this Court is reviewing for reasonableness in this case.

As for the reasonableness of Counsel's billing rate, a rate of $250.00 per hour for Counsel is commensurate with his skill level and reasonable in relation to rates generally charged in this district.   In addition, the hourly rate of $80.00 for Counsel's paralegal is certainly reasonable in this district. Counsel and his paralegal expended 58.25 hours in this case in the aggregate.  The division of attorney time and paraprofessional time reflects that Counsel billed 51.5 hours of attorney time and 6.75 hours of paralegal's time. Based on the $4,500.00 fee, this results in a blended billing

rate of $77.25 per hour, an unquestionably reasonable overall rate for Counsel. Even if the Court allowed only Counsel's billed hours, the result would still be a reasonable fee.

Counsel's work benefitted Debtor. Debtor was able to resolve issues with the Internal Revenue Service and objections to his various proposed plans. Debtor was able to withstand motions to dismiss his case brought by the Chapter 13 Trustee. Although Debtor has not resolved his issues with AGF before this Court, he was given the opportunity to bring those issues to this Court in May 2006 and failed to do so. Further, Debtor has been continuing to litigate his disputes with AGF before the state court.

Therefore, based upon the services rendered by Counsel as set forth above, and the benefits received by Debtor, a fee of $4,500.00 is reasonable for Counsel in this case. Counsel will be awarded a reasonable fee of $4,500.00. All other relief will be denied.



**Dated: July 2, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**